Anthony M. Rainone, Esq.
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
(973) 228-7852 (fax)
arainone@bracheichler.com
Attorneys for Plaintiff Direct Supplies Warehouse, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIRECT SUPPLIES WAREHOUSE, INC.<br><br>     Plaintiff,<br><br>v.<br><br>L3C CAPITAL PARTNERS, LLC; and L3C ALDEN PARK APARTMENTS LLC d/b/a ALDEN PARK MANOR<br><br>     Defendant. | Civil Case No.:<br><br><br><br>(**Document Electronically Filed**)<br><br>**COMPLAINT** |

Plaintiff Direct Supplies Warehouse, Inc. ("Plaintiff" or "DSW"), by and through its undersigned counsel, Brach Eichler, LLC, hereby brings the following Complaint against Defendants, L3C Capital Partners, LLC and L3C Alden Park Apartments LLC d/b/a Alden Park Manor and in support thereof, avers as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action as a result of Defendants' breach of an agreement for sale of goods in excess of $215,626.61. As a result, Plaintiff seeks a judgment for the balance due and owing under the parties' agreement, plus interest, counsel fees and costs of suit.

## PARTIES

2. Plaintiff, DSW is a corporation located in the State of New Jersey, with a principal place of business at 100 Hancock Street, Lodi, NJ 07644.

3. Defendant L3C Capital Partners, LLC ("L3C") is a Limited Liability Company organized under the laws of the State of Delaware with a principal place of business at 366 Madison Avenue, New York, NY 10017. L3C's registered agent for service of process is Vcorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, DE 19805.

4. Defendant, L3C Alden Park Apartments LLC d/b/a Alden Park Manor ("Alden Park") with an address located at 5500 Wissahickon Avenue, Philadelphia, PA 19144. Alden Park's registered agent for service of process is Vcorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, DE 19805.

## JURISDICTION

5. This United States District Court for the District of New Jersey (the "Court") has subject matter jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, because:

(a) Plaintiff is a citizen of the State of New Jersey;

(b) Defendants are citizens of the State of Delaware; and

(c) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6. This Court has personal jurisdiction over Defendants because they transacted the business underlying this lawsuit in the State of New Jersey, and/or caused injury within the State of New Jersey arising out of that business. Further, upon information and belief, L3C and Alden Park regularly conduct and transacts business in New Jersey such that it is "present" in New Jersey for purposes of personal jurisdiction.

**VENUE**

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

8. From on or about January 11, 2018 through April 30, 2018, DSW entered into an agreement with Defendants for the sale of appliance, HVAC component parts, plumbing and lighting supplies (the "Supplies') for installation in Defendants' apartment building located at 5500 Wissahickon Avenue, Philadelphia, PA  19144.  Defendants agreed to pay the costs associated with the same.  A true and correct copy of an Aged Receivables Report issued from DSW's computer system is attached hereto as Exhibit "A".

9. The Supplies each constitute a "good" within the meaning of the Uniform Commercial Code ("UCC").

10. Plaintiff and Defendants are both merchants and commercial parties within the meaning of the UCC.

11. The purchase price of the Supplies was $215,626.61.

12. The invoices sent to Defendants contained payment terms net 30 days.

13. Defendants were at all times aware that Plaintiff's headquarters is located in New Jersey and it Plaintiff shipped the Supplies from New Jersey to Defendants' apartment building in Philadelphia, Pennsylvania.

14. The invoices provided that no Supplies would be returned without a "Return Merchandise Authorization," and that all returns would be "subject to a 20% minimum restocking charge."  Defendants received, accepted, and did not reject the Supplies.

15. The invoices further state that "Customer will be responsible for collection fees, legal fees, court costs and similar expenses in order to collect past due accounts. A service charge of 1.5% per month (18% annually) will be charged to all accounts past due 60 days."

16. As of the date of the filing of this lawsuit, no payment has been made by Defendants for the Supplies.

17. Thus, there remains due and owing to Plaintiff the sum of $215,626.61, for outstanding charges for electrical components purchased but unpaid by Defendant, in addition to interest and collection costs (inclusive of attorneys' fees and costs of suit).

18. Plaintiff has demanded full payment for all amounts due and owing by Defendants, but Defendants have failed and/or refused to remit payment upon the unpaid balance due and owing as requested.

## COUNT I
**(Breach of Contract)**

19. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein at length.

20. The agreement entered into between Plaintiff and Defendants is valid and binding contract entered into by all parties and agreed to by Defendants under no duress or undue influence.

21. Payment has not been made for the reasonable value of Supplies sold by Plaintiff in accordance with Defendants' agreement to pay the reasonable price for the same.

22. Because Defendants have failed to pay the amount due and owing to Plaintiff, Defendants have breached the terms of the Contract.

23. As a result of Defendants' breach under the Contract, Plaintiff has suffered and continues to suffer damages.

## COUNT II
**(Breach of Uniform Commercial Code/Failure to Pay After Acceptance & Use)**

24. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein at length.

25. Defendants are contractually and statutorily required to pay Plaintiff for all Supplies delivered to Defendants and used by Defendants pursuant to N.J.S.A. 12A:2-601 as a result of Defendants failure to reject any portion of the Supplies and instead using all of the Supplies delivered to Defendants by Plaintiff.

26. Defendants owe all amounts due and owing to Plaintiff pursuant to the Uniform Commercial Code at N.J.S.A. 12A:2-602 for Defendants' continued exercise of control and use over Plaintiff's goods.

27. Defendants failure and/or refusal to properly reject the goods from Plaintiff as required by the Uniform Commercial Code at N.J.S.A. 12A:2-602 statutorily requires Defendants to pay Plaintiff in full for all of the Supplies delivered by Plaintiff to Defendants in the amount of $286,888.40, exclusive of attorneys' fees, interest and late charges.

28. Defendants failure and/or refusal to revoke acceptance of the Supplies delivered by Plaintiff violates Uniform Commercial Code at N.J.S.A. 12A:2-608 and now requires payment in full to Plaintiff.

29. As a result, Plaintiff has been and will continue to be damaged, and is currently owed $286,888.40 from Defendants for Supplies that was delivered and used by Defendants, but never paid for.

## COUNT III
**(Breach of Implied Contract)**

30. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein at length.

31. Defendants promised to pay Plaintiff the full amount for goods sold and services rendered.

32. Payment has not been made for the reasonable value of the Supplies delivered and accepted by Defendants in accordance with Defendants' promise to pay Plaintiff the reasonable price for the same. Despite demands for payment, Defendants have failed to pay the outstanding balance for Supplies delivered and accepted by Defendants. Payment has been demanded and has not been made.

33. Defendants, being indebted to Plaintiff in the amount of $215,626.61, promised to pay Plaintiff said sum on demand.

34. As a result of the breach of Defendants' promise, Plaintiff has suffered damages and continues to suffer damages.

## COUNT IV
### (Breach of Covenant of Good Faith and Fair Dealing)

35. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein at length.

36. Defendants were obligated to act fairly and in good faith in the performance under the terms of the agreements with Plaintiff.

37. Defendants, without any reasonable justification, have refused to perform their obligations under the agreement to pay Plaintiff for Supplies delivered and accepted by Defendants.

38. As a result of Defendants' breach, Defendants' conduct violates the covenant of good faith and fair dealing which is implied in every contract in the State of New Jersey.

39. There remains due and owing by Defendants to Plaintiff a total of $215,626.61 for Supplies delivered and accepted by Defendants.

## COUNT V
### (Unjust Enrichment)

40. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein at length.

41. Plaintiff provided at least $215,626.51 in materials and services to Defendants for which it has not been compensated.

42. As stated above, Defendants promised to pay Plaintiff in the amount of $215,626.51 for electrical components and services, delivered and accepted by Defendants.

43. Defendants has failed to make payment upon the outstanding balance due and owing, totaling $215,626.51.

44. As a result of this breach, Defendants have become unjustly enriched.

## COUNT VI
### (Quantum Meruit)

45. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein at length.

46. Plaintiff provided at least $215,626.51 in additional materials to Defendants for which it has not been compensated.

47. Defendants knew that Plaintiff, at the time of performance, reasonably expected to be fairly compensated for the Supplies sold.

48. Defendants promised to pay Plaintiff the full amount for Supplies, delivered and accepted by Defendants, totaling $215,626.51.

49. Payment has not been made for the reasonable value of the Supplies delivered and accepted by Defendants.

50. Plaintiff has demanded payment from Defendants on the outstanding balance for the Supplies delivered and accepted by Defendant, totaling $215,626.51, but Defendants have refused to pay the same.

51. As a result of the foregoing, Plaintiff is entitled to quantum meruit compensation for all electrical components and services sold to Defendants for which it has not been paid.

## COUNT VII
### (Promissory Estoppel)

52. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein at length.

53. Defendants promised Plaintiff that they would pay Plaintiff for the Supplies delivered and accepted by Defendants.

54. Plaintiff reasonably relied on the promise made by Defendants and acted in reliance on that promise to its detriment.

55. Defendants should have reasonably expected that Plaintiff would reasonably rely upon their promise that Plaintiff would be paid for the Supplies, delivered and accepted by Defendants.

56. Notwithstanding Defendants' promise to Plaintiff that it would be paid for Supplies delivered and accepted by Defendants in breach of those promises, Defendants failed and refused to pay Plaintiff for those Supplies delivered and accepted by Defendants.

57. As a direct, proximate and foreseeable result of Defendants' wrongful actions and breach of their promise, Plaintiff has suffered and will continue to suffer substantial harm and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of $215,626.51, plus pre- and post-judgment interest, attorneys' fees and costs, and such other and further relief that the Court deems equitable, just and proper.

**BRACH EICHLER L.L.C.**

By: /s/ Anthony M. Rainone
Anthony M. Rainone, Esq.
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
arainone@bracheichler.com
*Attorneys for Plaintiff*
*Direct Supplies Warehouse, Inc.*

Dated:  August 6, 2018

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that neither Plaintiff nor counsel is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding that is related to the matter in controversy.

**BRACH EICHLER L.L.C.**

By: /s/ Anthony M. Rainone
Anthony M. Rainone, Esq.
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
arainone@bracheichler.com
*Attorneys for Plaintiff*
*Direct Supplies Warehouse, Inc.*

Dated:  August 6, 2018